IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRADLEY OLEY LESTER,

       Petitioner,

v.               CIVIL ACTION NO.  2:12-cv-00224

DAVID BALLARD,

       Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are the petitioner's Petition for Writ of Habeas Corpus [Docket 2] and the respondent's Motion for Summary Judgment [Docket 15]. The motion for summary judgment was fully briefed, and United States Magistrate Judge Mary E. Stanley issued her Proposed Findings and Recommendation ("PF&R") [Docket 46] on February 12, 2013. Judge Stanley made findings of fact and law, and recommended that I grant the respondent's Motion for Summary Judgment and dismiss this case from the docket. Subsequently, the petitioner filed his Objections to the PF&R [Docket 49], which I will now address. For the reasons discussed below, the court **ADOPTS** Judge Stanley's PF&R as to all issues, **GRANTS** the respondent's Motion for Summary Judgment [Docket 15], and **ORDERS** that the Petition for Writ of Habeas Corpus [Docket 2] be **DISMISSED** and **STRICKEN** from the docket of this court.

**I.**  **Background and Procedural History**

Judge Stanley's detailed account of the background of this case is hereby **ADOPTED**. (*See* PF&R [Docket 46], at 15-26). On February 25, 2005, the petitioner, Bradley Oley Lester

1

("Lester") was convicted of First Degree Murder without mercy in the Circuit Court of Mingo County. He received a sentence of life without the possibility of parole. Subsequently, Lester filed a petition for direct appeal with the Supreme Court of Appeals of West Virginia, which was summarily rejected. On June 22, 2006, Lester filed a petition for state post-conviction relief. The state habeas court convened six omnibus evidentiary hearings, and on February 9, 2012, denied Lester's state petition for post-conviction relief in its entirety. (*See* Mem. of Law in Supp. of Resp.'s Mot. for Summ. J. [Docket 19], at 6; Final Order Denying Petitioner's Omnibus Petition for Habeas Corpus Relief [Docket 15-3]). On June 14, 2010, Lester filed his first federal habeas corpus petition, which was dismissed without prejudice for failure to exhaust state court remedies. On September 15, 2010, Lester filed a petition for habeas appeal with the Supreme Court of Appeals of West Virginia. On March 11, 2011, the Supreme Court of Appeals of West Virginia affirmed the decision of the Circuit Court in its entirety. (*See* Mem. Decision [Docket 15-3]).

On February 1, 2012, Lester filed the instant habeas corpus petition, asserting many of the same grounds for relief that he asserted previously in his petitions and appeals. The respondent filed his motion for summary judgment, and Judge Stanley issued her PF&R, finding first that the respondent waived his right to assert a statute of limitations defense in this matter, and second, that Lester is not entitled to habeas relief based on any of the grounds asserted. Judge Stanley recommended that I find in the respondent's favor. Subsequently, the petitioner filed his Objections to the PF&R [Docket 49]. The petitioner objects to the PF&R on three grounds, which I will address in turn. For the reasons that follow, I **ADOPT** the findings and recommendations made by Judge Stanley.

## II. Standard of Review

### A. *Federal Habeas*

The Anti-Terrorism and Effective Death Penalty Act of 1996 ( the "AEDPA") governs all federal habeas corpus petitions filed after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Moreover, the AEDPA requires a federal habeas court to presume that a state court's factual findings are correct. *See* 28 U.S.C. § 2254(e). A habeas petitioner can only overcome that presumption of correctness by submitting clear and convincing evidence. *Id.*

### B. *Magistrate Judge's Recommendations*

When a Magistrate Judge issues a recommendation on a dispositive matter, the court reviews *de novo* those portions of the Magistrate Judge's report to which specific objections are filed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a party files an objection that is too general or conclusory to focus attention on any specific error supposedly committed by the Magistrate Judge, the court need not conduct a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Moreover, when a party fails to object to a portion of the Magistrate Judge's report,

the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Diamond*, 416 F.3d at 315.

When a Magistrate Judge hears and rules on a non-dispositive pretrial matter in a case, a party may object to that determination within fourteen days after being served with a copy of the decision. Fed. R. Civ. P. 72(a). The district judge in the case must consider timely objections and "may modify or set aside any portion of a magistrate judge's non-dispositive ruling 'where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.'" *Berman v. Congressional Towers Ltd. P'ship-Section I*, 325 F. Supp. 2d 590, 592 (D. Md. 2004) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a).

### C. *Summary Judgment*

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256.

### III. Objections to the PF&R

As a preliminary matter, Judge Stanley recommended that I find that the respondent has waived his right to assert a statute of limitations defense in this matter. The respondent has not filed any objections to this recommendation. I **FIND** that there is no clear error as to the issue of statute of limitations and therefore **ADOPT** the findings of the PF&R as to this issue. I address Lester's objections below.

### A. *First Objection – Evidence as to Prior Murder and Testimony of Earl Stewart*

First, Lester objects to Judge Stanley's findings that:

> The undersigned proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated that the admission of evidence concerning his prior murder conviction under Rule 404(b) of the West Virginia Rules of Evidence, or the testimony of Earl Stewart concerning the petitioner's alleged statements of how he would dispose of a body, was fundamentally unfair or a miscarriage of justice and, thus, Petitioner has not demonstrated a violation of his right to due process cognizable in federal habeas corpus. Nor was the limiting instruction given by the trial court concerning this evidence improper to the point of causing undue prejudice to the petitioner's defense.
>
> The undersigned further proposes that the presiding District Judge **FIND** that the state habeas courts' rulings denying habeas corpus relief on these claims were neither contrary to, nor an unreasonable application of, clearly-established federal law, and that the respondent is entitled to judgment as a matter of law on Grounds One, Two, Three and Four of the petitioner's section 2254 petition.

(Objections to PF&R [Docket 49], at 1). In support of his objections on these grounds, Lester simply incorporates and re-argues his response to the respondent's motion for summary judgment, arguing that his due process rights were violated when (1) the trial court failed to require the State to identify the issues to which evidence of his prior murder of Owen Harvey was relevant and to articulate how that evidence was relevant; (2) the trial court permitted the State's vague, conclusory, and unpersuasive rationale for admission for such evidence; (3) the trial court admitted the testimony of Earl Stewart; and (4) the trial court's jury instructions were

5

insufficient to cure the unfair prejudice created by use of the evidence. Judge Stanley has analyzed the parties' arguments at length in her PF&R. (*See* PF&R [Docket 46], at 27-41).

The United States Supreme Court has held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, "the Due Process Clause does not permit the federal courts to engage in a finely-tuned review of the wisdom of state evidentiary rules." *Marshall v. Lonberger*, 459 U.S. 422, 438 n.6 (1983). A state court's evidentiary rulings are "not subject to proscription under the Due Process Clause unless it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996); *see also Estelle*, 502 U.S. at 67. Fundamental fairness has been interpreted "very narrowly . . . [b]eyond the specific guaranteed enumerated in the Bill of Rights, the Due Process Clause has limited operation." *Estelle*, 502 U.S. at 73. With respect to jury instructions, "the fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief." *Id.* at 72.

After review of the evidence, arguments, and trial testimony, I **FIND** that neither the admission of evidence regarding Lester's prior murder conviction under Rule 404(b) of the West Virginia Rules of Evidence nor the admission of Earl Stewart's testimony was so fundamentally unfair as to deny Lester due process. I also **FIND** that the trial court's jury instructions were not improper as to cause undue prejudice to Lester's defense. Finally, I **FIND** that the state habeas court's rulings were neither contrary to, nor an unreasonable application of, clearly-established

6

federal law. Accordingly, I **ADOPT** the findings and recommendation of the PF&R as to the first objection.

### B. *Second Objection – Gruesome Photographs*

Second, Lester objects to Judge Stanley's findings that:

> . . Petitioner has not demonstrated that his trial was fundamentally unfair or marred by any other violation of his federal constitutional rights based upon the admission of post-mortem photographs of the victim at his trial. Therefore, the undersigned proposes that the presiding District Judge **FIND** that the state courts' decisions denying him habeas corpus relief on this basis were neither contrary to, nor an unreasonable application of, clearly established federal law, and that Respondent is entitled to judgment as a matter of law on Ground Five of Petitioner's section 2254 petition.

(Objections to PF&R [Docket 49], at 3). Lester argues that the photographs were "extremely gruesome" and, in light of Chief Medical Examiner James Kaplan's testimony, "could only have inflamed the jury as an attempt to unduly prejudice the jury against [Lester]." (*Id.* at 5). Judge Stanley has also analyzed the parties' arguments on this issue in her PF&R. (*See* PF&R [Docket 46], at 42-45).

The admission of "gruesome photographs" into evidence is an application of state evidentiary rules by the trial court. Accordingly, this court's review of the admission of the photographs is limited to whether it was so fundamentally unfair as to deny Lester due process. After review of the evidence, arguments, and trial testimony, I **FIND** that the admission of the "gruesome photographs" into evidence was not so fundamentally unfair as to deny Lester due process. I further **FIND** that the state habeas court's rulings were neither contrary to, nor an unreasonable application of, clearly-established federal law. Accordingly, I **ADOPT** the findings and recommendation of the PF&R as to the second objection.

### C. *Third Objection – Ineffective Assistance of Counsel*

> Finally, Lester objects to Judge Stanley's findings that:
>
> . . petitioner has failed to demonstrate that his counsel's conduct fell below an objective standard of reasonableness, and that he cannot successfully establish a claim of ineffective assistance of counsel on this basis. The undersigned further proposes that the presiding District Judge **FIND** that the state court's denial of habeas corpus relief on this basis was neither contrary to, nor an unreasonable application of, clearly established federal law, and that the respondent is entitled to judgment as a matter of law on Ground Six of the petitioner's section 2254 petition.

(Objections to PF&R [Docket 49], at 5). Lester argues that his trial counsel failed to conduct independent DNA testing to ensure the accuracy of the DNA evidence that the State presented. This failure to conduct independent DNA testing, according to Lester, fell below an objective standard of reasonable professional judgment. Lester further asks the court to allow limited discovery in the form of DNA testing to prove that he was prejudiced by trial counsel's failure to do so. Judge Stanley has also analyzed the parties' arguments on this issue at length in her PF&R. (*See* PF&R [Docket 46], at 45-54).

The Sixth Amendment to the U.S. Constitution guarantees that in "all criminal prosecutions, the accused shall enjoy the right . . . to have Assistance of Counsel for his defense." When an attorney's performance falls below a minimum level of professional competence, it may violate his client's right to effective representation. *See Strickland v. Washington*, 466 U.S. 668, 685 (1984).

The Supreme Court has established a two-prong test for determining when an attorney's performance violates a defendant's Sixth Amendment right to effective representation. *Id.* at 687. The party asserting ineffective assistance of counsel bears the burden of proving both prongs by a preponderance of the evidence. *Id.* The first prong of the *Strickland* test requires a defendant

8

(here the petitioner) to show that his attorney committed an error that fell below a reasonable standard for professional competence. *See id.* The reasonableness standard is an objective test, which contemplates a wide range of acceptable professional representation. *See id.* at 689. The second prong of the *Strickland* test requires a defendant to show that "but for [the attorney's] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In applying the *Strickland* standard, courts must be "highly deferential" to the attorney's performance and the defendant must rebut the presumption that the challenged action "might be considered sound trial strategy." *Id.* at 689.

Lester's trial counsel, John Mitchell, Sr., felt that DNA testing would be a waste of resources because Lester acknowledged that the blood of William Bert Davis, the victim, might be on his clothing because of an altercation between the two on the night of Lester's arrest. Moreover, the test results indicated to a near certainty that Mr. Davis's blood was found on Lester's clothing and in the bed of Lester's truck, and two eyewitnesses placed a bloodied and severely beaten Mr. Davis in the bed of Lester's truck. Under these circumstances, it was not unreasonable for Mr. Mitchell to make a tactical decision to forego DNA testing. Instead, Mr. Mitchell opted to mount a vigorous defense regarding the inconsistencies in the DNA evidence presented by the State and questioning the State's witness about false reports and other incidents of misconduct at the West Virginia State Police Lab.

Based on the record before the court, I **FIND** that Lester has failed to demonstrate that Mr. Mitchell's conduct fell below an objective standard of reasonableness, and that he cannot successfully establish a claim of ineffective assistance of counsel on this basis. I further **FIND** that the state habeas court's rulings were neither contrary to, nor an unreasonable application of,

clearly-established federal law. Accordingly, I **ADOPT** the findings and recommendation of the PF&R as to the third objection.

## IV. Conclusion

As discussed above, the court **ADOPTS** Judge Stanley's PF&R as to all issues, **GRANTS** the respondent's Motion for Summary Judgment [Docket 15], and **ORDERS** that the Petition for Writ of Habeas Corpus [Docket 2] be **DISMISSED** and **STRICKEN** from the docket of this court.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

          ENTER:      March 20, 2013

          _____
          JOSEPH R. GOODWIN
          UNITED STATES DISTRICT JUDGE